**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

STANLEY WILLIAMS,

*Petitioner,*

v.

S. W. ORNOSKI, Acting Warden, for California State Prison at San Quentin,

*Respondent.*

No. 05-77034

ORDER

Filed December 12, 2005

Before: Procter Hug, Jr., Thomas G. Nelson and
Ronald M. Gould, Circuit Judges.

## ORDER

Mr. Williams in 1981 was convicted and sentenced to death for the 1979 murders of Albert Lewis Owens, Tsai-Shai Yang, Yen-I Yang, and Yee-Chen Lin. The Supreme Court of California affirmed the convictions and sentence in 1988. *See People v. Williams*, 751 P.2d 901 (Cal. 1988). In 2004, we affirmed the district court's denial of habeas relief. *See Williams v. Woodford*, 384 F.3d 567 (9th Cir. 2004).

Pursuant to 28 U.S.C. § 2244(b), Mr. Williams now files an application for leave to file a second or successive (SOS) petition in district court. In order to obtain leave to file an SOS petition in district court, section 2244(b)(3)(C) requires that Williams must make a prima facie showing to this Court that his petition would satisfy the requirements of section 2244(b).

Section 2244(b)(1) provides that: "A claim presented in a second or successive habeas corpus application under section

16589

2254 that was presented in a prior application shall be dismissed."

Section 2244(b)(2) requires dismissal of new claims in an SOS petition unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Williams does not assert that a "new rule of constitutional law" requires relief, so we do not address section 2244(b)(2)(A).

The proposed petition which Mr. Williams seeks permission to file in the district court raises nine claims. To the extent that Mr. Williams's claims are not subject to mandatory dismissal under section 2244(b)(1) because they were previously presented, Mr. Williams has not made a prima facie showing that his claims, whether viewed individually or in the aggregate, could meet the statutory requirements of both due diligence and clear and convincing evidence of actual innocence. Accordingly, the application for leave to file an SOS petition is denied. The request for stay of execution is denied.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2005 Thomson/West.